1 | CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
2 | Email: crowther@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
3 | Los Angeles, California 90017-2463
Telephone: (213) 629-9040
4 |
MEISELMAN, DENLEA, PACKMAN,
5 | CARTON & EBERZ P.C.
JEFFREY I. CARTON
6 | JEROME NOLL
1311 Mamaroneck Avenue
7 | White Plains, New York 10605
(914)517-5000
8 |
9 | Attorneys for Plaintiffs GERALDINE BRADLEY,
JOY PAXTON-COLLIS, JAMES LARSON and
10 | MARK SWEARINGEN

FILED
2008 JUL 10 PM 12: 12
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA
B.Y.

11 | **UNITED STATES DISTRICT COURT**

12 | **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13 | GERALDINE BRADLEY, JOY
PAXTON-COLLIS, JAMES LARSON and
14 | MARK SWEARINGEN, on behalf of
themselves and all others similarly situated,
15 |
16 | Plaintiffs,
17 | v.
18 | LENDING TREE, LLC, NEWPORT
LENDING CORP., SAGE CREDIT CO.,
HOME LOAN CONSULTANTS, INC.,
19 | CHAPMAN CAPITAL, INC. and
SOUTHERN CALIFORNIA
20 | MARKETING CORP.,
21 | Defendants.

Case No.  **SACV08-00755 CJC (RNBx)**

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

CLAIMS FOR RELIEF:

1. NEGLIGENCE (Lending Tree)

2. BREACH OF IMPLIED CONTRACT (Lending Tree)

3. VIOLATION OF CAL. BUS. AND PROF. CODE §§ 17200 et. seq. (Lending Tree)

4. INTENTIONAL VIOLATION OF THE FCRA (Lending Tree, Newport and Southern California Marketing)

5. NEGLIGENT VIOLATION OF THE FCRA (Lending Tree)

6. UNJUST ENRICHMENT (Newport and Southern California Marketing)

7. CONVERSION (Mortgage Lenders)

CALDWELL
LESLIE &
PROCTOR

8. INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS (Mortgage Lenders)

9. NEGLIGENT INTERFERENCE WITH CONTRACTUAL RELATIONS (Mortgage Lenders)

10. INVASION OF PRIVACY

11. VIOLATION OF CAL. CIV. CODE §§17980 et. seq.

Plaintiffs, Geraldine Bradley, Joy Paxton-Collis, James Larson and Mark Swearingen, by their attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C., as and for their class action complaint, allege, with personal knowledge as to their own actions, and upon information and belief as to those of others, as follows:

## Nature of this Case

1.    This action seeks to redress the failure of Defendant Lending Tree, LLC ("Lending Tree") to adequately safeguard certain confidential customer information contained in Lending Tree's customer loan request forms.  As Lending Tree has recently admitted, the loan request forms contain confidential data such as name, address, email address, telephone number, Social Security number, income and employment information of Lending Tree's customers, including Plaintiffs.

2.    As a result of Lending Tree's failure to maintain adequate computer data security, Plaintiffs' confidential customer data was accessed and distributed and/or sold by Lending Tree's employees to Defendants Newport Lending Corp. ("Newport"), Southern California Marketing Corp. ("Southern California Marketing"), Home Loan Consultants, Inc. ("Home Loan"), Chapman Capital, Inc. ("Chapman"), and Sage Credit Co. ("Sage") (collectively "Mortgage Lenders").

3.    Because of Lending Tree's actions, millions of its customers have had their personal confidential information compromised, have had their privacy rights

CALDWELL
LESLIE &
PROCTOR

violated, have been exposed to the risk of fraud, and have otherwise suffered damages.

4.      This suit is brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et. seq.* ("FCRA") and the common law of this State, on behalf of a class of all persons who have submitted loan request forms to Lending Tree between January 1, 2006, to the present, and have been exposed to the risk of fraud as a result of Lending Tree's breach, and who were damaged thereby (the "Class"). It seeks, *inter alia*, compensatory damages for Plaintiffs and each Class member, including, but not limited to, the time and funds spent, and which will continue to be spent, to monitor financial accounts and credit history for fraudulent activity; statutory damages, attorneys' fees; and the costs of this suit.

## Jurisdiction and Venue

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violation of 15 U.S.C. §§ 1681 *et. seq.*

6.      Jurisdiction in this civil action is also authorized pursuant to 28 U.S.C. § 1332(d), as at least one Plaintiff's citizenship is diverse from at least one Defendant, there are more than 100 class members, and the amount in controversy is in excess of $5 million.

7.      This Court has supplemental jurisdiction over Plaintiffs' state and common law causes of action, including claims based on violations of Cal. Civ. Code §§ 17980.80 *et. seq.*, Cal. Bus. and Prof. Code §§ 17200 *et. seq.*, and the common law of the State of California, pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in this district under 28 U.S.C. § 1391(a)(2), on the grounds that a substantial part of the events relating to Plaintiffs' claims occurred in the Central District of California.

CALDWELL
LESLIE &
PROCTOR

## Parties

9. Plaintiff Geraldine Baker is a citizen and resident of the State of Georgia, County of Paulding. ms. Baker submitted a loan request form to Lending Tree, her personal information was compromised, and she has suffered damage.

10. Plaintiff Joy Paxton-Collis is a citizen and resident of the State of Virginia, County of Orange. ms. Paxton-Collis submitted a loan request form to Lending Tree, her personal information was compromised, and she has suffered damage.

11. Plaintiff James Larson is a citizen and resident of the State of Utah, County of Salt Lake. Mr. Larson submitted a loan request form to Lending Tree, his personal information was compromised, and he has suffered damage. As a result of the breach by Lending Tree, Mr. Larson was, among other things, contacted by Defendant Newport Lending Corp. Using Mr. Larson's illegally obtained confidential personal information, Newport attempted unsuccessfully to provide Mr. Larson with a loan.

12. Plaintiff Mark Swearingen is a citizen and resident of the State of Pennsylvania, County of Washington. Mr. Swearingen submitted a loan request form to Lending Tree, his personal information was compromised, and he has suffered damage.

13. Defendant Lending Tree, LLC is a limited liability company established under the laws of the State of Delaware, with a principal place of business located in Irvine, California, where its consumer-direct mortgage operations are located, where it processes loan applications submitted by its customers, including Plaintiffs, and where it employs over 1,400 employees. Defendant Lending Tree does actual business throughout the State of California, including through the operation and maintenance of an interactive website -- *lendingtree.com* – accessible to consumers in, and residents of, the State.

CALDWELL
LESLIE &
PROCTOR

14. Defendant Newport Lending Corp. is a corporation established under the laws of the State of Nevada, with its principal place of business located in Newport Beach, California. Newport provides personal loans to consumers and does actual business throughout the State of California.

15. Defendant Sage Credit Co. is a corporation established under the laws of the State of Delaware, with its principal place of business located in Irvine, California. Sage is a mortgage lender providing mortgages, home equity loans, refinancing, and debt consolidation loans and services to consumers. Sage does actual business throughout the State of California.

16. Defendant Home Loan Consultants, Inc. is a corporation established under the laws of the State of California, with its principal place of business located in San Diego, California. Home Loan provides mortgages, refinancing and home equity loans to consumers and does actual business throughout the State of California.

17. Defendant Chapman Capital, Inc. is a corporation established under the laws of the State of California, with its principal place of business located in Anaheim, California. Chapman provides loans to consumers and does actual business throughout the State of California.

18. Defendant Southern California Marketing Corp. is a corporation established under the laws of the State of California, with its principal place of business located in California. Southern California Marketing provides loans to consumers and does actual business throughout the State of California.

## Operative Facts

19. Defendant Lending Tree is the leading online lending and realty services exchange in the United States, and regularly engages in the practice of assembling or evaluating consumer credit information for the purpose of furnishing this information to third parties.

CALDWELL
LESLIE &
PROCTOR

20.     Lending Tree allows consumers to submit customer loan request forms and then allows consumers to choose from up to four competitive loan offers from major, national, regional, and local lenders across the United States.

21.     In or about April, 2008, Lending Tree first publicly announced that a wide-reaching security breach had occurred that left millions of its customers exposed to the risk of fraud from the submission of loan request documents dating back to at least October 2006, if not earlier.

22.     More specifically, in a letter dated April 21, 2008 (the "Letter"), received by Plaintiffs and other Class members, Lending Tree announced a security breach by its employees that led to the theft of loan submission forms submitted by Plaintiffs and members of the Class.

23.     According to the Letter, several Lending Tree employees helped various mortgage lenders, including Defendants named herein (the Mortgage Lenders), gain access to Lending Tree's customer information by sharing confidential passwords with these lenders.

24.     Based on Lending Tree's own admissions contained in the Letter, the Mortgage Lenders used the passwords of Lending Tree's customers, including Plaintiffs, to access Lending Tree's customer loan request forms to, among other things, market loans to Plaintiffs and other Lending Tree customers, all without the permission or consent of Plaintiffs and other members of the Class.

25.     The Lending Tree customer loan request forms which were impermissibly accessed contained confidential personal data, including but not limited to, name, address, email address, telephone numbers, Social Security numbers, income and employment information.

26.     Moreover, Defendants Newport and Southern California Marketing sold Plaintiffs' and the Class' confidential consumer information and/or the requisite passwords required to access confidential consumer information to Defendants Sage, Home Loan and Chapman.

27. Mortgage Lenders also disseminated Plaintiffs' and the Class' confidential consumer information to their employees and agents.

28. Reportedly, the security breach at Lending Tree began in or about October 2006, but was not contained until early 2008. Lending Tree's pending investigation may reveal that the breach occurred even prior to October 2006, and that the breach is still ongoing. Thus, customer loan request forms were exposed for almost three years, and all of these customers are at risk for, at a minimum, identity theft and credit report fraud.

29. Indeed, because of the confidential customer information accessed, Lending Tree's customers were, are or may be at risk for identity theft which may lead to credit card and debit card fraud as the personal information breached may be used to obtain credit cards, debit cards and loans without the knowledge or consent of Lending Tree's customers.

30. The almost three-year delay in detecting the breach casts doubt on Lending Tree's intrusion detection procedures and system monitoring controls.

31. Lending Tree violated applicable credit industry rules, including its own internal privacy protection rules promised to Plaintiffs and other customers, which were purportedly put into place to protect customer loan request forms.

32. Not surprisingly, Lending Tree is now urging its customers to monitor their credit reports for signs of identity theft or other fraudulent financial activity which resulted from this breach.

33. Lending Tree is also urging Plaintiffs and its customers, at their own expense, to obtain and review their credit reports for any fraudulent activity and inquiries from creditors which were not initiated by Plaintiffs and Lending Tree's authorized lenders. Lending Tree is also urging Plaintiffs and its customers, at their own expense, to file a fraud alert with the three main credit reporting bureaus.

34. Rather than informing Plaintiffs and its customers immediately of the breach so that they could mitigate the damage incurred as a result of the breach,

CALDWELL
LESLIE &
PROCTOR

Lending Tree has not offered a reason for the almost five month delay in informing Plaintiffs and its customers of the breach.

35.    Almost immediately after receiving the Letter, Plaintiffs, at their own expense, obtained a copy of their credit reports.  They were shocked to see that their credit reports had been pulled for review by several lenders without their permission, severely effecting their credit scores and causing them damage.

36.    As a result of Lending Tree's actions, Plaintiffs had their privacy rights violated, have been exposed to fraud and the risk of additional fraud, and have suffered damage.  Plaintiffs have spent, and will continue to spend, considerable time and money to monitor their credit accounts and credit history for fraudulent activity in seeking to protect, prevent and undo the harm incurred to their credit.  Plaintiffs are also concerned about increased exposure to potential theft of their identities.

37.    Furthermore, Plaintiffs' and the Class' confidential consumer information has been improperly and illegally disclosed and sold to Mortgage Lenders by employees and agents of Lending Tree.

38.    There have been numerous consumer complaints to various Federal and State authorities regarding the breach of Lending Tree's customer data, and web sites are full of consumers who have complained about the fact that their confidential information has been breached and that they will now have to monitor, at their own expense, their credit reports for fraudulent activity.

39.    As referred to above, Lending Tree did not provide any notice, adequate notice or full disclosure of the fact that its customers' confidential personal information was breached almost two years ago, in October 2006. Moreover, no adequate notice has been provided to Plaintiffs, and no consent or bargained-for approval has been granted by Plaintiffs or other Lending Tree customers who submitted customer loan request forms, that their confidential information may be, and was, impermissibly accessed by others, including

Mortgage Lenders. Nor did Plaintiffs and the Class authorize Lending Tree to access their confidential consumer information for purposes of selling, brokering or otherwise disseminating said information to unauthorized third parties, including Mortgage Lenders.

## Class Action Allegations

40.     Plaintiffs brings this action on their own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class (the "Class") of all persons who have submitted loan request forms, and other forms containing personal and confidential information, to Lending Tree, and have had their confidential information disseminated and/or sold by Lending Tree to third parties, including Mortgage Lenders, without their consent or without a permissible purpose under the FCRA, during the period from January 1, 2006, to the present.

41.     Excluded from the Class are Defendants; any parent, subsidiary, or affiliate of Defendants; any entity in which Defendants have or had a controlling interest, or which Defendants otherwise control or controlled; and any officer, director, employee, legal representative, predecessor, successor, or assignee of Defendants.

42.     This action is brought as a class action for the following reasons:

a.     The Class consists of at least tens of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

b.     There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

i.     whether Lending Tree was negligent in protecting its customers' confidential personal and financial information;

CALDWELL
LESLIE &
PROCTOR

-8-

ii.    whether Lending Tree breached its implied contracts with Plaintiffs and the Class in not safeguarding properly their confidential personal and financial information;

iii.    whether Lending Tree sold, disseminated or otherwise provided access to Plaintiffs' and the Class' confidential consumer information, without Plaintiffs' and the Class' authorization, within the meaning of 15 U.S.C. § 1681a(d)(1);

iv.    whether Newport and Southern California Marketing sold, disseminated or otherwise provided access to Plaintiffs' and the Class' confidential consumer information, without Plaintiffs' and the Class' authorization, within the meaning of 15 U.S.C. § 1681a(d)(1);

v.    whether Lending Tree had a permissible purpose under the FCRA to sell, disseminate or otherwise provide access to Plaintiffs' and the Class' confidential consumer information, within the meaning of 15 U.S.C. § 1681a(d)(1);

vi.    whether Newport and Southern California Marketing had a permissible purpose under the FCRA to sell, disseminate or otherwise provide access to Plaintiffs' and the Class' confidential consumer information, within the meaning of 15 U.S.C. § 1681a(d)(1);

vii.    whether Lending Tree, Newport and Southern California Marketing are each a Consumer Reporting Agency, as defined by 15 U.S.C. § 1681a(f);

viii.    whether Lending Tree violated the FCRA by failing to properly maintain reasonable procedures designed to limit the furnishing of confidential consumer Information as required by the FCRA;

ix.    whether Lending Tree violated the FCRA when it sold, disseminated or otherwise provided access to Plaintiffs' and the class'

CALDWELL
LESLIE &
PROCTOR

-9-

confidential consumer Information to unauthorized third parties, including the Mortgage Lenders;

        x.    whether Newport and Southern California Marketing violated the FCRA when they sold, disseminated or otherwise provided access to Plaintiffs' and the Class' confidential consumer Information to unauthorized third parties, including Mortgage Lenders;

        xi.    whether Lending Tree violated Cal. Civ. Code §§ 17980.80 *et. seq.*;

        xii.    whether Lending Tree violated Cal. Bus. and Prof. Code §§ 17200 *et. seq.*;

        xiii.    whether Mortgage Lenders acquired confidential consumer information without Plaintiffs' and the Class' authorization, knowledge or consent;

        xiv.    whether Mortgage Lenders intended to interfere and/or negligently interfered with the contracts existing between Lending Tree and Plaintiffs and the Class;

        xv.    whether Newport and Southern California Marketing have been unjustly enriched to the detriment of Plaintiffs and the Class; and

        xvi.    whether members of the Class have sustained damages, including statutory damages, and, if so, the proper measure thereof.

    c.    The claims asserted by Plaintiffs are typical of the claims of the members of the Class;

    d.    Plaintiffs will fairly and adequately protect the interests of the Class, and Plaintiffs have retained attorneys experienced in class and complex litigation, including related litigation involving consumer fraud;

    e.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

CALDWELL
LESLIE &
PROCTOR

i.  Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendants' violations of their legal obligations will continue without remedy, additional Lending Tree customers will be harmed, and Defendants will continue to retain their ill-gotten gains;

ii.  It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

iii.  When the liability of Defendants has been adjudicated, the Court will be able to determine the claims of all members of the Class;

iv.  A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort, and expense and ensure uniformity of decisions; and

v.  The lawsuit presents no difficulties that would impede its management by the Court as a class action.

f.  Defendants have acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate; and

g.  The prosecution of separate actions by individual members of the Class would create a risk of incompatible standards of conduct for Defendants and of inconsistent or varying adjudications for all parties.

43.  Defendants' violations of statutory and common law are applicable to all members of the Class, and Plaintiffs are entitled to have Defendants enjoined from engaging in unlawful conduct in the future.

## FIRST CAUSE OF ACTION

### (Negligence as to Lending Tree)

44.  Plaintiffs repeat and re-allege the allegations contained in Paragraphs 1 through 44 above as if fully set forth herein.

45.  Defendant Lending Tree owed a duty to Plaintiffs and the Class to use reasonable care to keep Plaintiffs' and the Class' confidential personal and

CALDWELL
LESLIE &
PROCTOR

-11-

financial information that is, or was, in its possession and control private and secure.

46.    Lending Tree breached its duty to use reasonable care in protecting Plaintiffs' and the Class' confidential personal and financial information from being stolen and compromised by inadequately safeguarding this confidential information in violation of, among other things, common and ordinary industry-wide rules and regulations.

47.    Lending Tree further breached its duty to Plaintiffs and the Class to use reasonable care to protect its customers' confidential personal and financial information from being stolen and compromised by failing to use reasonable care to implement and maintain appropriate security procedures designed reasonably to protect the confidential personal, financial and credit report information of Plaintiffs and the Class.  Lending Tree knew or should have known that its network for processing and storing customer loan request forms and customer confidential personal and financial information had security vulnerabilities.  As such, Lending Tree was negligent in continuing such data processing in light of those vulnerabilities and the sensitivity of the data, and this breach of security and access to the private and confidential information of Plaintiffs and the Class was reasonably foreseeable.

48.    Lending Tree also owed a duty to Plaintiffs and the Class to use reasonable care to prevent the unauthorized access, use and dissemination of confidential personal and financial data and other non-public information.  Lending Tree did not do so and unlawfully breached this duty.

49.    Moreover, Lending Tree owed a duty to Plaintiffs and the Class to inform Plaintiffs and the Class in a timely manner when their confidential personal and financial information became compromised.  Disclosure was required so that, among other things, Lending Tree's customers could take appropriate measures to

CALDWELL
LESLIE &
PROCTOR

-12-

avoid harm to their credit scores, avoid the consequences of identity theft, and monitor their credit reports for fraudulent activity.

50.     Lending Tree breached this duty by failing to notify Plaintiffs and the Class in a timely manner when their confidential information became compromised.  Thus, Plaintiffs and the Class were harmed by Lending Tree's delay in notification because, among other things, credit reports have been obtained without the permission of Plaintiffs and the Class, resulting in, among other things, lower credit scores and other fraudulent activity.

51.     The resulting personal and financial burden, including but not limited to, the loss of time and money spent by Plaintiffs and the Class in seeking to prevent or undo further harm and other economic and non-economic damages, were the direct and proximate result of Lending Tree's violations of its duties of care, as described above.

52.     By reason of the foregoing, Lending Tree is liable to Plaintiffs and the other members of the Class for the damages that they have suffered as a result of Lending Tree's negligence, the amount of such damages to be determined at trial.

## SECOND CAUSE OF ACTION

### (Breach of Implied Contract as to Lending Tree)

53.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 52 above as if fully set forth herein.

54.     Upon providing confidential personal and financial information to Lending Tree in order to transact business with Lending Tree, Plaintiffs and the Class entered into implied contracts with Lending Tree such that Lending Tree would safeguard this confidential information and notify Plaintiffs and the Class promptly of any and all theft of their information.

55.     Without such implied contracts, Lending Tree's customers (including Plaintiffs and the Class) would not have submitted their confidential personal and financial information to transact business with Lending Tree

CALDWELL
LESLIE &
PROCTOR

-13-

56.　By reason of the foregoing, Lending Tree breached its implied contracts with Plaintiffs and the Class, and Lending Tree is liable to Plaintiffs and the Class for damages incurred as a result of its actions, the amount of such damages to be determined at trial.

## THIRD CAUSE OF ACTION

**(Violation of Cal. Bus. and Prof. Code §§ 17200 _et. seq._ as to Lending Tree)**

57.　Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 56 above as if fully set forth herein.

58.　By failing to provide reasonable security measures to protect its customers' confidential consumer information, Plaintiffs and the Class have suffered an injury-in-fact as they are at an increased risk of identity theft. Plaintiffs and the Class have also lost property in the form of their confidential consumer information.

59.　Lending Tree's practices as complained of herein constitute an unlawful "business practice" within the meaning of Cal. Bus. and Prof. Code §§ 17200 _et. seq._

60.　Lending Tree's failure to adequately protect its customers' confidential consumer information violates not only the unlawful prong of Cal. Bus. and Prof. Code §§ 17200 _et. seq._, but also constitutes an independent violation of the "unfair" prong of Section 17200, independent of the other causes of action asserted herein. Lending Tree's failure to adopt reasonable practices in protecting its customers' confidential consumer information has placed Plaintiffs and the Class at a higher risk of identity theft.

61.　By reason of the foregoing, the injury to Plaintiffs and the Class caused by Lending Tree's failure to install, adopt and maintain reasonable security procedures to protect its customers' confidential consumer information is substantial. As a result, Plaintiffs' and the Class' confidential information has been compromised, placing them at a significant risk of being victims of identity theft

CALDWELL
LESLIE &
PROCTOR

1 and other harm. Lending Tree is liable to Plaintiffs and the Class for damages
2 incurred as a result of its actions, the amount of such damages to be determined at
3 trial.

## FOURTH CAUSE OF ACTION

### (Intentional Violation of the FCRA as to Lending Tree, Newport and Southern California Marketing)

7     62.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1
8 through 61 above as if fully set forth herein.

9     63.    Pursuant to the FCRA, a "Consumer Report" means any written, oral
10 or other communication of any information by a consumer reporting agency
11 bearing on a consumer's credit worthiness, credit standing, credit capacity,
12 character, general reputation, personal characteristics, or mode of living which is
13 used or expected to be used or collected in whole or in part for the purpose of
14 serving as a factor in establishing a consumer's eligibility for credit or insurance to
15 be used primarily for personal, family, or household purposes, employment
16 purposes, or any other purpose authorized under 15 U.S.C. §§ 1681(b) and a(d)(1).

17     64.    Pursuant to the FCRA, a "Consumer Reporting Agency" means any
18 person which, for monetary fees, dues, or on a cooperative nonprofit basis,
19 regularly engages in whole or in part in the practice of assembling or evaluating
20 consumer credit information or other information on consumers for the purpose of
21 furnishing Consumer Reports to third parties, and which uses any means or facility
22 of interstate commerce for the purpose of preparing or furnishing Consumer
23 Reports.

24     65.    Pursuant to 15 U.S.C. §§ 1681a(b) and (c), Plaintiffs and the Class are
25 "consumers" or "persons."

26     66.    Lending Tree, Newport and Southern California Marketing are
27 Consumer Reporting Agencies as defined by the FCRA because they, for monetary
28 fees, regularly engage in whole or in part in the practice of assembling or

CALDWELL
LESLIE &
PROCTOR

-15-

evaluating consumer credit information or other information on consumers for the purpose of furnishing Consumer Reports to third parties, and engage in interstate commerce for the purpose of preparing or furnishings Consumer Reports.

67.    The confidential consumer information sold, disseminated, or otherwise provided access to by Lending Tree, Newport and Southern California Marketing were Consumer Reports as defined under the FCRA.

68.    Pursuant to 15 U.S.C. § 1681e, Lending Tree -- as a Consumer Reporting Agency -- is required to maintain reasonable procedures designed to limit the use of Consumer Reports for permissible purposes.

69.    In conscious disregard of the rights of Plaintiffs and the Class, Lending Tree deliberately and recklessly did not maintain reasonable procedures designed to limit the furnishing of Consumer Reports to permissible purposes as required by 15 U.S.C. § 1681e.

70.    As a result of Lending Tree's deliberate and reckless conduct, Plaintiffs and the Class' Consumer Reports were sold to, and accessed by, third parties without Plaintiffs' and the Class' consent and for no permissible purpose, as required under the FCRA.

71.    Newport and Southern California Marketing, with full knowledge that Plaintiffs' and the Class' Consumer Information was unlawfully obtained, deliberately sold, disseminated and otherwise provided access to Plaintiffs' and the Class' Consumer Information to third parties without the consent of Plaintiffs and the Class, and for no permissible purpose, as required under the FCRA.

72.    By reason of the foregoing, Plaintiffs and the Class have been damaged and are entitled to actual damages, statutory damages, costs and attorneys' fees.

CALDWELL
LESLIE &
PROCTOR

-16-

## FIFTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Lending Tree)

73. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 72 above as if fully set forth herein.

74. Lending Tree is a "Consumer Reporting Agency" as defined by the FCRA because Lending Tree, for monetary compensation, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing "Consumer Reports" to third parties, and uses interstate commerce for the purpose of preparing or furnishing Consumer Reports.

75. Pursuant to 15 U.S.C. § 1681e, Lending Tree -- as a Consumer Reporting Agency -- is required to maintain reasonable procedures designed to limit the use of Consumer Reports for permissible purposes.

76. Lending Tree was negligent in failing to maintain reasonable procedures to protect Plaintiffs' and the Class' Consumer Reports.

77. As a result of Lending Tree's negligence, Plaintiffs' and the Class' Consumer Reports were sold to, and accessed by, third parties without Plaintiffs' and the Class' consent and for no permissible purpose, as required under the FCRA.

78. By reason of the foregoing, Plaintiffs and the Class have been damaged and are entitled to actual damages, statutory damages, costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### (Unjust Enrichment as to Newport and Southern California Marketing)

79. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 78 above as if fully set forth herein.

CALDWELL
LESLIE &
PROCTOR

-17-

80.     Newport and Southern California Marketing obtained and sold Plaintiffs' and the Class' confidential consumer information without Plaintiffs' and the Class' consent.

81.     Newport and Southern California Marketing retained the benefits they received from unjustly and unlawfully selling Plaintiffs' and the Class' confidential consumer information, and had knowledge of said benefit.

82.     By engaging in the conduct described above, Newport and Southern California Marketing have unjustly enriched themselves at the expense of Plaintiffs and the Class and are required, in equity and good conscience, to compensate Plaintiffs and the Class for damages suffered as a result of their actions.

83.     By reason of the foregoing, Newport and Southern California Marketing are liable to Plaintiffs and the Class for damages incurred as a result of their actions, the amount of such damages to be determined at trial.

## SEVENTH CAUSE OF ACTION

### (Conversion as to Mortgage Lenders)

84.     Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 83 above as if fully set forth herein.

85.     Plaintiffs' and the Class' confidential consumer information is property under California law.

86.     Mortgage Lenders wrongfully acquired and misappropriated Plaintiffs' and the Class' confidential consumer information without Plaintiffs' and the Class' consent.

87.     Mortgage Lenders sold Plaintiffs' and the Class' confidential consumer information to third parties without Plaintiffs' and the Class' consent.

88.     The misappropriation and sale of Plaintiffs' and the Class' confidential consumer information by Mortgage Lenders caused substantial damage to Plaintiffs and the Class.

-18-

CALDWELL
LESLIE &
PROCTOR

89. By reason of the foregoing, Mortgage Lenders are liable to Plaintiffs and the Class for damages incurred as a result of their actions, including, pursuant to Cal. Civ. Code 3336, for attorneys' fees, costs and expenses.

## EIGHT CAUSE OF ACTION

### (Intentional Interference with Contractual Relations as to Mortgage Lenders)

90. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 89 above as if fully set forth herein.

91. A contract existed between Lending Tree and Plaintiffs and the Class, whereby the parties agreed that Lending Tree would preserve and protect the confidentiality of Plaintiffs' and the Class' confidential consumer information.

92. Mortgage Lenders knew of the existence of the contracts between Lending Tree and Plaintiffs and the Class.

93. By misappropriating and selling Plaintiffs' and the Class' confidential consumer information, Mortgage Lenders intended to and did interfere with the contracts between Lending Tree and Plaintiffs and the Class.

94. Mortgage Lenders' misappropriation of Plaintiffs' and the Class' confidential consumer information reduced the value of the contracts between Lending Tree and Plaintiffs and the Class.

95. Mortgage Lenders' misappropriation of Plaintiffs' and the Class' confidential consumer information made performance of the contracts more burdensome.

96. By reason of the foregoing, Mortgage Lenders are liable to Plaintiffs and the Class for damages incurred as a result of their actions, the amount of such damages to be determined at trial.

## NINTH CAUSE OF ACTION

### (Negligent Interference with Contractual Relations as to Mortgage Lenders)

97. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 96 above as if fully set forth herein.

CALDWELL
LESLIE &
PROCTOR

-19-

98.     A contract existed between Lending Tree and Plaintiffs and the Class, whereby the parties agreed that Lending Tree would preserve and protect the confidentiality of Plaintiffs' and the Class' consumer information.

99.     Mortgage Lenders knew of the existence of the contracts between Lending Tree and Plaintiffs and the Class.

100.    By misappropriating and selling Plaintiffs' and the Class' confidential consumer information, Mortgage Lenders negligently interfered with the contracts between Lending Tree and Plaintiffs and the Class.

101.    Mortgage Lenders' misappropriation of Plaintiffs' and the Class' confidential consumer information reduced the value of the contracts between Lending Tree and Plaintiffs and the Class.

102.    Mortgage Lenders' misappropriation of Plaintiffs' and the Class' confidential consumer information made performance of the contracts more burdensome.

*103.*     By reason of the foregoing, Mortgage Lenders are liable to Plaintiffs and the Class for damages incurred as a result of their actions, the amount of such damages to be determined at trial.

## TENTH CAUSE OF ACTION

### (Invasion of Privacy as to all Defendants)

104.    Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 104 above as if fully set forth herein.

105.    Plaintiffs and the Class have a legally protected privacy interest in their confidential consumer information, including their credit, financial and other personal information, and a reasonable expectation of privacy in such information.

106.    Defendants violated Plaintiffs' and the Class' privacy by accessing, disclosing, disseminating and selling Plaintiffs' and the Class' confidential consumer information without their knowledge, authorization or consent.

107. Defendants' unauthorized disclosure and sale of Plaintiffs' and the Class' private confidential information is highly offensive or objectionable to a reasonable person of ordinary sensibilities. In addition, the disclosure of such private confidential information does not include information that is of a legitimate public concern.

108. Defendants violated Plaintiffs' and the Class' rights of privacy by acquiring, disclosing and selling Plaintiffs' and the Class' private confidential consumer information without their consent.

109. Plaintiffs' and the Class' private confidential consumer information has value, and Defendants' unlawful use, disclosure and sale of the information was made for Defendants' benefit.

110. By reason of the foregoing, the privacy rights of Plaintiffs and the Class have been violated, including their right of privacy as guaranteed by the California constitution, and Plaintiffs and the Class have been harmed as a result thereof.

111. Defendants are liable to Plaintiffs and the Class for damages incurred as a result of their actions, the amount of such damages to be determined at trial.

## ELEVENTH CAUSE OF ACTION

**(Violation of Cal. Civ. Code §§ 17980.80 *et. seq.* as to all Defendants)**

112. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 112 above as if fully set forth herein.

113. Plaintiffs and the Class have a property interest in their confidential consumer information. This property interest includes the right not to have others profit from the misappropriation, sale and/or dissemination of such information.

114. Defendants misappropriated Plaintiffs' and the Class' confidential consumer information by acquiring, disseminating and selling the information without Plaintiffs' and the Class' consent.

CALDWELL
LESLIE &
PROCTOR

-21-

115. Plaintiffs' and the Class' confidential consumer information has value, and Defendants' unlawful misappropriation, disclosure and sale of the information was made for Defendants' benefit.

116. Defendants' practices as complained of herein violate Cal. Civ. Code §§ 17980.80 *et. seq.*, which mandates all persons and institutions possessing personal information to take all reasonable steps to destroy such personal information if no longer needed, notify persons whose unencrypted information has been acquired in an unauthorized manner, and to implement reasonable security measures.

*117.* Because Defendants compromised and misappropriated Plaintiffs' and the Class' confidential consumer information, in violation of Cal. Civ. Code §§ 17980.80 *et. seq.*, Plaintiffs and the Class have been harmed. Defendants are liable to Plaintiffs and the Class for damages incurred as a result of their actions, the amount of such damages to be determined at trial.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendants as follows:

1. Certifying this action as a class action, pursuant to Rule 23(a) and 23(b)(3) of the Fed.R.Civ.P., with a class as defined above;

2. On Plaintiffs' First Cause of Action, awarding against Lending Tree the damages that Plaintiffs and the other members of the Class have suffered as a result of Lending Tree's negligence, the amount of such damages to be determined at trial;

3. On Plaintiffs' Second Cause of Action, awarding against Lending Tree the damages that Plaintiffs and the other members of the Class have suffered as a result of Lending Tree's breach of its implied contracts, the amount of such damages to be determined at trial;

CALDWELL
LESLIE &
PROCTOR

4.     On Plaintiffs' Third Cause of Action, awarding against Lending Tree the damages that Plaintiffs and the other members of the Class have suffered as a result of Lending Tree's violation of Cal. Bus. and Prof. Code §§ 17200 *et. seq.*, the amount of such damages to be determined at trial;

5.     On Plaintiffs' Fourth Cause of Action, awarding against Lending Tree, Newport and Southern California Marketing the damages that Plaintiffs and the other members of the Class have suffered as a result of Lending Tree's, Newport's and Southern California Marketing's violation of the FCRA, including statutory damages, actual damages, attorneys' fees and costs, the amount of such damages to be determined at trial;

6.     On Plaintiffs' Fifth Cause of Action, awarding against Lending Tree the damages that Plaintiffs and the other members of the Class have suffered as a result of Lending Tree's violation of the FCRA, including statutory damages, actual damages, attorneys' fees and costs, the amount of such damages to be determined at trial;

7.     On Plaintiffs' Sixth Cause of Action, awarding against Newport and Southern California Marketing the damages that Plaintiffs and the other members of the Class have suffered as a result of Newport's and Southern California Marketing's actions, the amount of such damages to be determined at trial;

8.     On Plaintiffs' Seventh Cause of Action, awarding against Mortgage Lenders the damages that Plaintiffs and the other members of the Class have suffered as a result of Mortgage Lenders' actions, including attorneys' fees, costs and expenses, the amount of such damages to be determined at trial;

9.     On Plaintiffs' Eighth Cause of Action, awarding against Mortgage Lenders the damages that Plaintiffs and the other members of the Class have suffered as a result of Mortgage Lenders' actions, the amount of such damages to be determined at trial;

CALDWELL
LESLIE &
PROCTOR

10. On Plaintiffs' Ninth Cause of Action, awarding against Mortgage Lenders the damages that Plaintiffs and the other members of the Class have suffered as a result of Mortgage Lenders' actions, the amount of such damages to be determined at trial;

11. On Plaintiffs' Tenth Cause of Action, awarding against Defendants the damages that Plaintiffs and the other members of the Class have suffered as a result of Defendants' actions, the amount of such damages to be determined at trial;

12. On Plaintiffs' Eleventh Cause of Action, awarding against Defendants the damages that Plaintiffs and the other members of the Class have suffered as a result of Defendants' violation of Cal. Civ. Code §§ 17980.80 *et. seq.*, the amount of such damages to be determined at trial;

13. Requiring Lending Tree to provide Plaintiffs and the Class, among other things, free credit monitoring;

14. Enjoining Defendants from accessing Plaintiffs' and the Class' confidential consumer information for purposes of selling, brokering or otherwise disseminating said information to unauthorized third parties;

15. Awarding Plaintiffs statutory damages, actual damages, interest, costs and attorneys' fees; and

16. Awarding Plaintiffs such other and further relief as this Court deems just and proper.

CALDWELL
LESLIE &
PROCTOR

-24-

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Fed.R.Civ.P., Plaintiffs hereby demand a trial by jury.

DATED: July 10, 2008

Respectfully submitted,

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER

MEISELMAN, DENLEA, PACKMAN,
    CARTON & EBERZ P.C.
JEFFREY I. CARTON
JEROME NOLL

By _____
    ROBYN C. CROWTHER
Attorneys for Plaintiffs GERALDINE BRADLEY,
JOY PAXTON-COLLIS, JAMES LARSON and
MARK SWEARINGEN

CALDWELL
LESLIE &
PROCTOR

-25-

```
CALDWELL LESLIE & PROCTOR
Robyn C. Crowther, SBN 193840
Email: crowther@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, CA 90017
P:(213) 629-9040; F: (213) 629-9022
```

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALDINE BRADLEY, JOY PAXTON-COLLIS, JIMMY LARSON and MARK SWEARINGEN,on behalf of themselves and all others similarly situated, <div align="right">Plaintiff(s)</div><br>v.<br><br>LENDING TREE, LLC, NEWPORT LENDING CORP., SAGE CREDIT CO., HOME LOAN CONSULTANTS, INC., CHAPMAN CAPITAL, INC. and SOUTHERN CALIFORNIA MARKETING CORP., <div align="right">Defendant(s)</div> | CASE NUMBER:<br><br>**SACV08-00755 CJC (RNBx)**<br><br><br>**SUMMONS** |

TO:  THE ABOVE-NAMED DEFENDANT(S):

YOU ARE HEREBY SUMMONED and required to file with this court and serve upon plaintiff's attorney
ROBYN C. CROWTHER_____, whose address is:

```
CALDWELL LESLIE & PROCTOR
1000 Wilshire Blvd.
Suite 600
Los Angeles, CA 90017
```

an answer to the [ X ] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim which is herewith served upon you within 20___ days after service of this Summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK, U.S. DISTRICT COURT

Date:  **JUL 10 2008**

By: _____

**ROLLS ROYCE PASCHAL**

Deputy Clerk

*(Seal of the Court)*

1144

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )
GERALDINE BRADLEY, JOY PAXTON-COLLIS, JIMMY LARSON and MARK SWEARINGEN, on behalf of themselves and all others similarly situated

**DEFENDANTS**
LENDING TREE, LLC, NEWPORT LENDING CORP., SAGE CREDIT CO., HOME LOAN CONSULTANTS, INC., CHAPMAN CAPITAL, INC. AND SOUTHERN CALIFORNIA MARKETING CORP.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
Paulding County, Georgia

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
CALDWELL LESLIE & PROCTOR, PC
Robyn C. Crowther, SBN 193840
Email: crowther@caldwell-leslie.com
1000 Wilshire Blvd., Suite 600
Los Angeles, CA 90017
P:(213) 629-9040; F:(213) 629-9022

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Fair Credit Reporting Act 15 U.S.C. §§ 1681 et. seq.; This suit is brought on behalf of a class of all persons who have submitted loan request forms to Lending Tree between January 1, 2006 to the present and have been exposed to the risk of fraud as a result of Lending Tree's breach, and who were damaged thereby

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☒ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

TORTS PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

TORTS PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

FORFEITURE/PENALTY
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litig.
☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS - Third Party 26 USC 7609

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s):

**FOR OFFICE USE ONLY:** Case Number:

CV-71 (07/05)    CIVIL COVER SHEET    Page 1 of 2
CCD-JS44

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b).  RELATED CASES:**  Have any cases been previously filed that are related to the present case?  ☐ No  ☒ Yes

If yes, list case number(s):  <u>SACV 08-660 CJC (ANx)</u>

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply) ☒ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above
in a, b or c also is present.

---

**IX.  VENUE:**  List the California County, or State if other than California, in which **EACH** named plaintiff resides  (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

Geraldine Bradley: Georgia; Joy Paxton-Collis: Virginia; Jimmy Larson: Utah; Mark
Swearingen: Pennsylvania

List the California County, or State if other than California, in which **EACH** named defendant resides.  (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

Lending Tree:Orange County; Newport Lending Corp.: Los Angeles County; Sage Credit Co., Orange County; Home Loan
Consultants: San Diego County; Chapman Capital: Orange County; Southern Ca. Marketing Corp.: Los Angeles County

List the California County, or State if other than California, in which **EACH** claim arose.  (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

Georgia, Virginia, Utah, Pennsylvania

---

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  *Robyn C. C*            Date <u>July     , 2008</u>

Robyn C. Crowther

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM
#### Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a) PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II. JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III. RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. ORIGIN. Place an "X" in one of the seven boxes:

(1) Original Proceedings. Cases which originate in the United States District Courts.

(2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

(3) Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.

(6) Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.

(7) Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V. REQUESTED IN COMPLAINT.
Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VI. CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.          Example: U.S. Civil Statute: 47 USC 553
                                                                           Brief Description: Unauthorized reception of cable service

VII. NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX. VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X. Attorney or party appearing pro per must sign and date this form.